NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIGUEL ROBERTO MARIN ORTEGA,
AKA Roberto Marin Ortega,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   20-70418

Agency No. A200-551-312

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021[**]

Before:     SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

     Miguel Roberto Marin Ortega, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his appeal

from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

We reject as unsupported by the record Marin Ortega's contention that the BIA misstated the harm he experienced in Guatemala.

The record also does not compel the conclusion that Marin Ortega established a clear probability of future persecution. *See Nagoulko*, 333 F.3d at 1018 (possibility of future persecution "too speculative"). We reject as unsupported by the record Marin Ortega's contention that the BIA ignored his argument that the IJ erred in her future persecution analysis.

Marin Ortega's request for a remand, raised in his opening brief, based on the BIA's reference to the "reasonable possibility" standard, is denied because the BIA adopted and affirmed the IJ's decision under *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and the IJ cited the applicable "clear probability" standard. *See Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010) (where BIA adopted and affirmed IJ decision citing *Burbano*, the court looked through the BIA's decision and treated the IJ's decision as the final agency decision).

Thus, Marin Ortega's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Marin Ortega failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

Marin Ortega's contentions that the BIA misstated the record and the agency erred by failing to mention evidence fail as unsupported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency need not write an exegesis on every contention).

**PETITION FOR REVIEW DENIED.**